| | |
|---|---|
| 1 | ERIC J. TROUTMAN (State Bar No. 229263) |
| | ejt@severson.com |
| 2 | ANDREW A. WOOD (State Bar No. 279403) |
| | aaw@severson.com |
| 3 | SEVERSON & WERSON |
| | A Professional Corporation |
| 4 | The Atrium |
| | 19100 Von Karman Avenue, Suite 700 |
| 5 | Irvine, California 92612 |
| | Telephone: (949) 442-7110 |
| 6 | Facsimile: (949) 442-7118 |
| 7 | MARK D. LONERGAN (State Bar No. 143622) |
| | mdl@severson.com |
| 8 | SEVERSON & WERSON |
| | A Professional Corporation |
| 9 | One Embarcadero Center, Suite 2600 |
| | San Francisco, California 94111 |
| 10 | Telephone: (415) 398-3344 |
| | Facsimile: (415) 956-0439 |
| 11 | |
| 12 | Attorneys for Defendant |
| | CREDIT ACCEPTANCE CORPORATION |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUZ BOYD-MALONE and MICHAEL MALONE, | Case No. **'13CV2023 WQHNLS** |
| | Hon. |
| Plaintiffs, | Ctrm. |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION) AND § 1332 (DIVERSITY JURISDICTION)** |
| CREDIT ACCEPTANCE CORPORATION and Does 1 through 100, | |
| Defendants. | Action Filed: July 26, 2013 |
| | Removed: |
| | Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS, PLAINTIFFS' COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Credit Acceptance Corporation removes the above-captioned

1  action from the Superior Court of the State of California, County of San Diego, to
2  the United States District Court, Southern District of California.  Defendant is
3  entitled to removal pursuant to 28 U.S.C. § 1331, based on federal question
4  jurisdiction, and 28 U.S.C. § 1332, based on diversity of citizenship, as follows:
5      1.    On July 26, 2013, an action was commenced in the Superior Court of
6  the State of California in and for the County of San Diego entitled *Boyd-Malone, et*
7  *al. v. Credit Acceptance Corp.*, as Case No. 37-2013-00059554 (the "State Court
8  Action").  Plaintiffs assert claims for (1) Violations  of the Rosenthal Fair Debt
9  Collection Practices Act  (CCC Section 1788-1788.33), (2) Violations of the
10  Telephone Consumer Protection Act (47 U.S.C. §227 et seq.), and, (3) "Intrsion"
11  (*sic*).  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders
12  served upon or by Defendant in the State Court Action, including summons and
13  complaint, are attached to this Notice as Exhibit A.
14      2.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed.
15  R. Civ. P. 6(a)(3) because the State Court Action was served on August 1, 2013.
16  Therefore, this notice of removal is filed within thirty days after service and within
17  one year of the original filing of the complaint.
18      3.    This Court has subject matter jurisdiction over this action and all claims
19  asserted against Defendant pursuant to 28 U.S.C. §§ 1331 and 1332(a), and removal
20  is proper pursuant to 28 U.S.C. § 1441.
21      4.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 84(c) and
22  1441(a) because the United States District Court for the Southern District of
23  California is the federal judicial district and division embracing the Superior Court
24  of California in and for the County of San Diego, where the State Court Action
25  originally was filed.
26      5.    Pursuant to 28 U.S.C. §§ 1446(d), Defendant is filing this notice of
27  removal with this Court, serving a copy of this notice upon Plaintiffs, and filing a
28  copy in the Superior Court of California for the County of San Diego.

### Federal Question

6. The Complaint names a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The claim therefore presents a federal question within the meaning of 28 U.S.C. § 1331, as it arises under the laws of the United States. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 753 (2012) (*holding* federal courts have original jurisdiction to hear TCPA claims pursuant to 28 U.S.C. § 1331.)

### Diversity of Citizenship

7. The Defendant and Plaintiffs in this matter are citizens of different states. Plaintiffs are and at all times relevant were citizens of California. See Complaint ¶5.

8. Credit Acceptance Corporation is, and at all times relevant was, a citizen of the state of Michigan, where it was and is incorporated, and where it had and has its principal place of business.

9. The only other defendants named in the Complaint are fictitiously named defendants. According to 28 U.S.C. § 1441(a), for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."

### Amount in Controversy

10. Plaintiffs seek, at a minimum, $210,000 under their TCPA claim, as they seek $1,500 per separate alleged violation and claim at least 140 separate violations occurred. *See* Compl. ¶17. Plaintiffs seek additional damages for alleged violations of the Rosenthal Fair Debt Collection Practices Act, and for intrusion. Therefore, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

1     **WHEREFORE**, Defendant prays that the State Court Action be removed
2  from state court to this Court and that this Court assume jurisdiction over the action
3  and determine it on the merits.

5  DATED:  August 29, 2013         SEVERSON & WERSON
                                   A Professional Corporation

                                   By:   */s/ Andrew A. Wood*
                                              Andrew A. Wood

                                   Attorneys for Defendant
                                   CREDIT ACCEPTANCE CORPORATION