EXHIBIT "A"

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CREDIT ACCEPTANCE CORPORATION and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
LUZ BOYD-MALONE and MICHAEL MALONE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/26/2013** at 12:18:10 PM
Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of California,
County of San Diego, Civil Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
(Número del Caso):
37-2013-00059554-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jeffery R. Menard, Esq., 350 10th Ave., STE 1000 San Diego, CA 92101, 858-240-2566.

DATE: 07/26/2013
(Fecha)

Clerk, by C. Beutler, Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jeffery R. Menard (SBN 248508)
350 10th St.
Suite 1000
San Diego, CA 92101
TELEPHONE NO.: 858-240-2566     FAX NO.: 858-605-6170
ATTORNEY FOR (Name): LUZ BOYD-MALONE and MICHAEL MALONE

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/26/2013** at 12:18:10 PM

Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Civil

CASE NAME:
Malone v. Credit Acceptance Corporation et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 37-2013-00059554-CU-NP-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge John S. Meyer DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 7/26/2013
Jeffery R. Menard
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Jeffrey R. Menard, Esq. SBN 248508
350 Tenth Ave.
STE 1000
San Diego, CA 92101
Telephone: (858) 869-9529

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/26/2013 at 12:18:10 PM
Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

Attorney for Plaintiffs,
LUZ BOYD-MALONE and MICHAEL MALONE

## SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO

### CENTRAL DIVISION

LUZ BOYD-MALONE and MICHAEL MALONE.

PLAINTIFF,

v.

CREDIT ACCEPTANCE CORPORATION and Does 1 through 100

DEFENDANTS.

Case No.: 37-2013-00059554-CU-NP-CTL

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC SECTION 1788-1788.33); VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 ET SEQ.); AND INTRSION**

**Demand for Jury Trial**

COMES NOW PLAINTIFFs who seek damages against the Defendants, and each of them as follows:

## I

## GENERAL ALLEGATIONS

1. This action arises out of Defendants' repeated violations of the Rosenthal Fair Debt Collection Practices Act (CCC § 1788-1788.32), the Telephone Consumer Protection Act ("TCPA") and Intrusion.

Complaint
Malone v. Credit Acceptance

2. The legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. LUZ BOYD-MALONE and MICHAEL MALONE, individually, (hereinafter collectively "Plaintiff"), brings this action to challenge the actions of CREDIT ACCEPTANCE CORPORATION (Hereinafter "CA"), a business entity form unknown, and Does 1 through 100, (hereinafter "Defendants"), with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendants named in this caption.

5. LUZ BOYD-MALONE and MICHAEL MALONE are natural people who reside in the County of San Diego, State of California and are allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

6. LUZ BOYD-MALONE and MICHAEL MALONE are natural people from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due

Complaint
Malone v. Credit Acceptance

and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

7. Plaintiff is informed and believes that Defendant, CA, a business entity form unknown, is a company operating and licensed to and doing business in the City of San Diego, County of San Diego County, State of California.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiff and Plaintiff therefore sue said defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show their true names and/or capacities when the same have been ascertained. Plaintiff is informed, believes and thereupon alleges that each of the Doe defendants is, in some manner, legally responsible for the events and happenings herein set forth and which proximately caused the injury and damages to Plaintiff as herein alleged.

9. Plaintiff is informed and believes, and thereon alleges, that CA, and DOES 1 through 100 (together "Defendants") are entities that use instrumentalites of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

10. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by

California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

12. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

13. In 2010 Plaintiff purchased a 2006 Honda Odyssey and allegedly borrowed money from CA to purchase said vehicle.

14. Since the purchase of said vehicle, CA has been telephoning Plaintiff non stop at their home landline, the cellular telephone of LUZ BOYD-MALONE and MICHAEL MALONE in an attempt to collect upon this alleged debt.

15. Each and every time LUZ BOYD-MALONE and/or MICHAEL MALONE spoke to CA, they instructed CA to stop calling them.

16. CA ignored the Plaintiff's instructions and continued to call repeatedly, sometimes multiple times per day.

17. Plaintiff estimates that CA called Plaintiff no less than 140 times to their cellular telephones.

18. Plaintiff has never given CA consent to call their cellular telephones.

19. CA called Plaintiff's cellular telephones using an automated phone dialing system without the consent of Plaintiff even after being instructed not to call Plaintiff.

Exhibit A Page 00010

20. The collection communications made by CA and their employees and agents to Plaintiff were false, deceptive, harassing, oppressive, and abusive communications in violation of numerous and multiple provisions of the RFDCPA, including but not to limited to violated 15 U.S.C. Section 1692 d, 1692 d(5), 1692 e(c), 1692 e, and 1692(f)   and California Civil Code Section 1788.17 by violating the above mentioned codes.

21. The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as described herein, were committed within the course and scope of their employment and/or agency relationship with their principals, Defendants  CA and Does 1 to 100.

## I.

## FIRST CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32 against Defendant CA and DOES 1 through 100)

22. Plaintiff refers to the allegations in paragraphs 1 to 21 of his complaint and incorporates those allegations herein as if set forth in full.

23. The foregoing acts and omissions of Defendants and each of them constitute numerous and multiple violations of the RFDCPA.

24. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

Complaint
Malone v. Credit Acceptance

25. The conduct of Defendants, CA and Does 1 through 100 and each of them, in engaging in the wrongful collection of a debt in the manner alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts. In particular, Plaintiff is informed and believes and thereon allege that Defendants, CA and Does 1 through 100, and each of them have a practice of engaging in and did in this particular case the following acts:

    a.  Calling Plaintiff after they instructed them not to do so;

    b.  Making calls to Plaintiff in violation of the TCPA

    c.  Calling Plaintiff multiple times per day

### III.

### SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §227 et seq. against Defendants CA and Does 1 through 100)

26. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. CA called Plaintiff's cellular telephones using an automated phone dialing system without the consent of Plaintiff

28. The foregoing acts and omissions of each and every DEFENDANT constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each Plaintiff.

29. As a result of each and every DEFENDANTS violation of the TCPA, PLAINTIFFS are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an

Exhibit A Page 00012

amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory

damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to

47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C.

§227 et seq. from each and every DEFENDANT herein.

IV.

### THIRD CAUSE OF ACTION

### (INTRUSION against Defendants CA and Does 1 through 100):

30. PLAINTIFFS incorporate by reference all of the above paragraphs of this Complaint as

though fully stated herein.

31. DEFENDANTS intentionally penetrated PLAINTIFFS' zone of sensory privacy

surrounding them by repeatedly calling them and harassing them.

32. PLAINTIFFS had a reasonable expectation of seclusion and solitude at home and at

work which is the primary place where most of these phone calls took place.

33. The 140 + phone calls in less than a year were highly offensive to PLAINTIFFS' and

would be highly offensive to a reasonable person.

34. DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFF,

even after the PLAINTIFF instructed DEFENDANTS that DEFENDANTS did not have

PLAINTIFFS permission to call his cellular phone. This conduct was intended by the

DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the

PLAINTIFF. DEFENDANTS conduct was also despicable conduct which was carried

out by the DEFENDANTS with a willful and conscious disregard of the rights of the

PLAINTIFF.

Exhibit A Page 00013

35. DEFENDANTS conduct was also oppressive. The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the PLAINTIFF to cruel and unjust hardship in conscious disregard of the PLAINTIFF rights.

36. In committing the acts alleged herein, DEFENDANTS, CA and DOES 1 through 100, and each of them, have acted maliciously and oppressively. Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

On the First Cause of Action

1. An award of actual damages pursuant to California Civil Code § 1788.30 (a); from Defendants for Plaintiff

2. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from all Defendants;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) from Defendant;

On the Second Cause of Action;

1. For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

2. For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

Complaint
Malone v. Credit Acceptance

3.  For an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff,

On the Third Cause of Action

1.  For an award of actual damages against each and every Defendant and for each Plaintiff,

2.  For an award of emotional distress damages against each and every Defendant and for each Plaintiff;

3.  For an award of punitive damages against each and every Defendant and for each Plaintiff;

On all Cause of Action;

1.  For costs of suit incurred herein;

2.  For such further relief as the Court deems just and proper

Dated:   July 26, 2013                          By: /s/ Jeffery R. Menard
                                                Jeffery R. Menard, attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above captioned matter.

Dated:   July 26, 2013                          By: /s/ Jeffery R. Menard
                                                Jeffery R. Menard, attorney for Plaintiff

Complaint
Malone v. Credit Acceptance

F I L E D
Clerk of the Superior Court

JAN 03 2013

By: Amy Walters

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE PROCEDURES REGARDING ELECTRONIC FILING | GENERAL ORDER OF THE PRESIDING DEPARTMENT<br><br>ORDER NO. 010313 |

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records,* involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only. Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program. This General Order relates to Phase Two, and supplements General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit. Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///
///
///

This Order shall expire on December 31, 2013, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated: January 3, 2013

*Robert J. Trentacosta*

**ROBERT J. TRENTACOSTA**
**Presiding Judge**

# ELECTRONIC FILING REQUIREMENTS OF THE
# SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013,** documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 3, 2013 and has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including construction defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and

Revised 6-21-13

Page 1 of 5

Exhibit A Page 00019

Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction defect cases, currently being filed through the LexisNexis website, will continue to be filed through that system until further notice.

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

**REQUIREMENTS FOR ALL eFILERS**

EFile documents can only be filed through the court's Electronic Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving

(Page 2 of 5)

Revised 6-21-13

papers with exhibits that are not bookmarked will be rejected.   (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised 6-21-13

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form.

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

Revised 6-21-13

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 6-21-13

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS:    330 W Broadway | |
| MAILING ADDRESS:   330 W Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:  (619) 450-7061 | |

| |
|---|
| **PLAINTIFF(S) / PETITIONER(S):**    Luz Boyd-Malone et.al. |
| **DEFENDANT(S) / RESPONDENT(S):**  Credit Acceptance Corporation |
| LUZ BOYD-MALONE VS. CREDIT ACCEPTANCE CORPORATION [IMAGED] |

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER 37-2013-00059554-CU-NP-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  John S. Meyer     Department: C-61

**COMPLAINT/PETITION FILED:** 07/26/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/07/2014 | 09:45 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725)

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SDSC CIV-721 (Rev. 01-12) | **NOTICE OF CASE ASSIGNMENT** | Page: 1 |
|---|---|---|

Exhibit A Page 00024

# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:   San Diego CA 92101-3827<br>BRANCH NAME:   Central | |
| Short Title: Luz Boyd-Malone vs. Credit Acceptance Corporation [IMAGED] | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2013-00059554-CU-NP-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

Electronically Submitted By:   Jeffery Menard

On Behalf of:   Michael Malone, Luz Boyd-Malone
Transaction Number:   134499
Court Received Date:   07/26/2013

Filed Date:   07/26/2013
Filed Time:   12:18 PM

Fee Amount Assessed:   $435.00
Case Number   37-2013-00059554-CU-NP-CTL

Case Title:   Luz Boyd-Malone vs. Credit Acceptance Corporation [IMAGED]
Location:   Central
Case Type:   Non-PI/PD/WD tort - Other
Case Category:   Civil - Unlimited
Jurisdictional Amount:   > 25000

**Documents Electronically Filed/Received**

| Status | |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

07/26/2013   NOTICE OF CONFIRMATION OF FILING

CASE TITLE: Luz Boyd-Malone vs. Credit Acceptance Corporation [IMAGE NUMBER: 37-2013-00059554-CU-NP-CTL

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | Date | Time | Location | Department |
|---|---|---|---|---|
| Civil Case Management Conference | 02/07/2014 | 09:45 AM | Central | C-61 |

**Electronic Filing Service Provider Information**

Service Provider:  OneLegal
Email:  support@onelegal.com
Contact Person:  Customer Support
Phone:  (800) 938-8815

C 7/26/2013                         **NOTICE OF CONFIRMATION OF FILING**

Exhibit A Page 00027



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00059554-CU-NP-CTL    CASE TITLE:    Luz Boyd-Malone vs. Credit Acceptance Corporation

[IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A Page 00028

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq. or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA. 92101-3827 | |
| BRANCH NAME: Central | |

**PLAINTIFF(S):** Luz Boyd-Malone et al.

**DEFENDANT(S):** Credit Acceptance Corporation

**SHORT TITLE:** LUZ BOYD-MALONE VS. CREDIT ACCEPTANCE CORPORATION [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER 37-2013-00059554-CU-NP-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- [ ] Mediation (court-connected)
- [x] Mediation (private)
- [ ] Voluntary settlement conference (private)
- [ ] Neutral evaluation (private)
- [ ] Other (specify e.g., private mini-trial, private judge, etc.):

- [ ] Non-binding private arbitration
- [ ] Binding private arbitration
- [ ] Non-binding judicial arbitration (discovery until 15 days before trial)
- [ ] Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)

_____

Alternate neutral (for court Civil Mediation Program and arbitration only):

Date: _____    Date: _____

Name of Plaintiff                                    Name of Defendant

_____    _____
Signature                                            Signature

Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____    _____
Signature                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/26/2013                          _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)   **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**   Page: 1